IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KATHRYN M. HAMBRICK                                                                                       PLAINTIFF

v.                                              CIVIL NO. 10-2125

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                         DEFENDANT

## ORDER ON MOTION FOR ATTORNEY'S FEES

Plaintiff, Kathryn M. Hambrick, appealed the Commissioner's denial of benefits to this court. ECF No. 1. On August 23, 2011, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 10. Plaintiff now moves for a total of $4951.49 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 31.60 attorney hours at a rate of $156.00 and $21.89 in costs. ECF Nos. 11, 12. Defendant filed a response objecting to the numbers of hours requested and the method of payment. ECF No. 13. A hearing on this matter was held on December 8, 2011.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

**AO72A**
**(Rev. 8/82)**

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly.[1] *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

---

[1] Counsel should keep contemporaneous time records, preferably in electronic format, to corroborate the date and amount of time spent on each task.

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v.*

*Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI"). In this instance, counsel requests attorney's fees at an hourly rate of $156.00. ECF No. 11. Counsel attached a copy of the CPI as evidence that this rate is a proper reflection of the cost of living. ECF No. 11, Ex. A. The Defendant does not object to this rate, and the court finds it to be reasonable. Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $156.00.

**Attorney Hours**

The court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. Counsel requests compensation for each of the following activities performed between August 20, 2010, and September 22, 2010: .10 hours for receipt/review of NEF providing file stamped complaint, .10 hours for receipt/review of NEF order granting IFP, .10 hours for receipt/review of NEF providing file stamped summons, .10 hours for receipt/review of NEF providing file stamped civil cover sheet, .10 hours for receipt/review of NEF providing file stamped IFP, .10 hours for receipt/review of file stamped summons, complaint, IFP, and civil cover sheet, .20 hours for receipt/review/execution of consent to magistrate jurisdiction form, .10 hours for receipt/review of NEF providing Defendant's consent to magistrate jurisdiction, .10 hours for receipt/review of NEF providing order of reference, and .10 hours for receipt/review of NEF providing file stamped notice of consent to jurisdiction. This court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744

F.Supp. 898 (E.D.Ark. 1989). Many of the NEF notices were one page documents requiring minimal time to review. Moreover, counsel's review of the NEFs and file-stamped copies of the same document appear redundant. Review of either the NEF or the file-stamped copies should have been sufficient to ensure proper filing. As a result, the undersigned will deduct half of the requested time for these tasks. Accordingly, .55 hours is deducted from the total number of compensable hours.

Additionally, Plaintiff requests .60 hours for preparing the letters of service. Preparing letters of service is a clerical task. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Moreover, letters of service are essentially form letters that require only minimal copy and paste changes, such as the case caption and date. As such, the court will only grant counsel the time required to review and sign the letters of service. The court grants counsel .30 hours for reviewing and signing the letters of service. Accordingly, the undersigned deducts .30 hours from the total number of compensable hours.

Counsel requests duplicative time for the following entries: .40 hours on November 18, 2010, for receipt/review of NEF providing Defendant's answer and .10 hours on November 19, 2010, for receipt/review of Answer to Complaint. At the fee hearing, Plaintiff agreed to waive the additional .10 hours. Accordingly, the undersigned deducts .10 hours from the total number of compensable hours.

Finally, counsel requests compensation for a total of 23.00 hours for reviewing the transcript, researching the law, and drafting the appeal brief. The court finds that the time requested is excessive. There were no unique or complex issues to be developed in this

AO72A
(Rev. 8/82)

particular case, and the transcript was 386 pages in length, with approximately 140 pages of medical records. Plaintiff's counsel frequently represents social security claimants before this court and should be well versed in social security law. Therefore, the court will reduce the number of hours submitted for the preparation of Plaintiff's brief to 15.00 hours. Accordingly, the undersigned deducts 8.00 hours from the total number of compensable hours.

Finally, counsel seeks reimbursement of $21.89 for expenses incurred with regard to postage. Such expenses are recoverable under the EAJA and the undersigned finds $21.89 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, the court awards Plaintiff's attorney fees under the EAJA for 22.65 (31.60-8.95) attorney hours at the rate of $156.00 per hour and $21.89 in expenses, for a total attorney's fee award of $3555.29. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be made payable directly to Plaintiff, but properly mailed to Plaintiff's attorney.[2]

The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 12th day of December 2011.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA fee awarded by this court should be payable directly to Plaintiff, but properly mailed to Plaintiff's attorney.

AO72A (Rev. 8/82)